**In re Frank S. ROSENBERG, Debtor.**

**Margaret E. ROSENBERG, Plaintiff,**

**v.**

**Frank S. ROSENBERG and Ronald Bensten, Trustee, Defendants.**

**Civ. A. No. 4:92cv20.**

United States District Court,
E.D. Virginia,
Newport News Division.

June 22, 1992.

Robert Vincent Roussos, Roussos, Ford & Langhorne, P.C., Norfolk, VA, for Ronald Bensten.

Robert Vincent Roussos, Roussos, Ford & Langhorne, P.C., Norfolk, VA, Ruth A. Gibson, Norge, VA, for Frank Samuel Rosenberg.

Joseph William Kaestner, Kaestner & Associates, Richmond, VA, for Margaret E. Rosenberg.

### OPINION AND ORDER

KELLAM, District Judge.

The Trustee in Bankruptcy in this case has appealed from the order of the Bankruptcy Judge of February 20, 1992, dismissing the Trustee's counterclaim wherein the Trustee sought to establish that Frank S. Rosenberg (Frank) fraudulently conveyed his interest in real estate held jointly by him and his sister, Margaret E. Rosenberg (Margaret) to the detriment of Frank's creditors. The Trustee alleged that such conveyance was in violation of 11 U.S.C. § 548(a)(1) and should be voided because made within one year of Frank's

bankruptcy and made with actual intent to hinder, delay and defraud his creditors.

## I.

On September 30, 1964, Abraham B. Rosenberg, by deed of gift, conveyed to Frank and Margaret, brother and sister, a parcel of some 22 acres in the Town of Southhold, Suffolk County, New York, as joint tenants. The parties used the property as a summer home. Frank operated a business known as ALUF Industries, a corporation, in which he was the principal stockholder. His father, Abraham, owned some of the stock and Margaret owned 2% of the stock.

In the operation of the aforesaid ALUF Industries, Frank had personally guaranteed a debt of some $500,000.00 to North Fork Bank & Trust Co. (North Fork). On July 1, 1987, Frank and Margaret executed a mortgage on the above mentioned 22 acres, with the improvements thereon, to secure North Fork the $500,000.00. All of said funds were secured by ALUF Industries, and Frank specified in writing later in 1987 that he was solely responsible for the debt.

Frank, Abraham, Tidewater Real Estate Company and ALUF Industries were indebted to Sovran Bank in the amount of $700,000.00. Frank and Margaret agreed to secure the debt by a second mortgage on the 22 acre parcel. The mortgage expressly excused Margaret from any personal liability on the debt and limited any recourse against her to action against the property. As the matter stood at this point Frank was personally liable for each of the aforesaid debts, and his interest in the 22 acres, as well as Margaret's interest, was security therefor. In August 1989, Frank and Margaret executed a third mortgage on the aforesaid property as security for a debt to Richard Kaplan of $16,000.00, $14,-000.00 of which was a debt of Frank's and $2,000.00 a debt of Margaret's. In addition to committing her interest in the 22 acres as security for Frank's debts, Margaret helped Frank meet other current obligations; she paid a debt due by Frank of $25,000.00 to Martin Thomas for legal fees, and paid $10,980.00 to North Fork on the obligation due by Frank to prevent foreclosure on the first mortgage.

On December 27, 1989, Frank transferred to Margaret his undivided one-half interest in the 22 acre parcel in exchange for $5,000.00 cash, subject to the mortgages thereon, and with the agreement Margaret would pay the outstanding mortgages thereon. On January 11, 1990, Frank filed a Chapter 7 petition in bankruptcy. A trustee was duly appointed.

On January 31, 1991, Margaret conveyed the property to a third person for a consideration of $1,500,382.98. After payment of the costs of sale, including real estate commission of $75,000.00, title insurance, attorney fees and other closing costs, including the mortgages on the property, $125,229.92 in proceeds remained currently held in escrow. Some interest has accumulated thereon.

On April 22, 1991, Margaret filed a motion for declaratory judgment against Frank and the Trustee in Bankruptcy seeking to have the Bankruptcy Court declare that she was entitled to the total of said funds from the sale of the aforesaid 22 acres which was held in escrow. The Trustee in Bankruptcy filed a cross-claim seeking to have the Bankruptcy Court order the funds transferred to the bankrupt's estate. The Trustee asserted that the transfer by Frank to Margaret of his one-half interest in the 22 acres constituted either a preference or a fraudulent conveyance. Following a full hearing, the Bankruptcy Court found that the conveyance did not constitute a preference nor was the conveyance fraudulent. The Bankruptcy Court premised its opinion upon the fact that the transfer in no way damaged the position of the existing unsecured creditors.

## II.

The Trustee grounded his right to recovery in the provisions of 11 U.S.C. § 548(a)(1) which provides that the Trustee may avoid any transfer of an interest of the debtor in property made within one year before the date of filing of the peti-

tion, if the transfer was made with actual intent to hinder, delay or defraud his creditors. The matter was litigated, decided and appealed on this issue.

The material facts are not in dispute. The mortgages, except for $2,000.00 of the third mortgage, were debts of Frank. The second mortgage specifically provided that no personal liability existed against Margaret for that debt. Clearly the sale of the 22 acre parcel had been negotiated prior to the time Frank conveyed his interest to Margaret. In part, the conveyance was to enable Margaret to complete the sale.

The fact is, Frank had no equity in the property at the time of the conveyance to Margaret. He was personally obligated and his undivided one-half interest was obligated for the mortgages. True, Margaret's interest was security for the mortgages, but the debts were obligations of Frank. The second mortgage specifically provided that the debt was that of Frank. Had Frank not conveyed his interest to Margaret, at the completion of the sale Frank's one-half interest would have entitled him to receive some $700,491.45. From such sum, he would have been required to discharge the first and second mortgages and $14,-000.00 of the third mortgage. His share of the funds would not have been sufficient to do so. Hence, Margaret's share would have been liable for the balance due.[1] As the Bankruptcy Court stated, Frank's creditors lost nothing by reason of the conveyance by Frank to Margaret, and Margaret gained nothing. She paid $5,000.00 for no gain or benefit, save and except the fact the sale was completed on time. No one has suggested the sale of the 22 acres was not for value. Nor has anyone suggested the creditors would have received any funds from the sale if Frank had not conveyed his interest in the land to Margaret. The truth is, Frank had no equity in the property, and from the final sale, his one-half interest did not provide sufficient funds to pay the mortgages which were his personal debts.

The finding by the Bankruptcy Judge that the conveyance by Frank to Margaret was not made with any intent to hinder, delay or defraud his creditors, and that it did not in anyway grant a preference to one creditor over another, is supported by the evidence and is not contrary to any provision of the Bankruptcy Act. The decision of the Bankruptcy Court is therefore **AFFIRMED.**

---

**1.** It is true the first mortgage did not specifically provide that Margaret did not incur any personal liability for the debt. However, that is of no consequence because after using the joint funds to discharge the first mortgage, Frank's share remaining was not sufficient to discharge the second mortgage and part of Margaret's funds were used to pay the second mortgage.